FILED

2009 Aug-31  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
~~DIVISION~~  2009 AUG 31  P 3: 51

*Jasper*  U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **GEORGE R. CHAPMAN, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CV-09-B-1748-J  ——— |
| | ) | |
| **WALKER COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, George R. Chapman, *pro se*, and for his

Complaint against the Defendant, the Walker County Sheriff's Department, states

as follows:

## STATEMENT OF THE CASE

1.      This is a lawsuit brought by the Plaintiff, George R. Chapman, who

has been affected by the discrimination alleged in the claims set forth below,

seeking permanent relief from unlawful discriminatory practices involving

retention, compensation, and other terms and conditions of employment in failing

to remedy systemic employment discrimination on the basis of race, retaliation and

medical leave.  The practices committed, and continuing to be committed, by the

Defendant violate Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 2000e, *et seq.* ("TITLE VII") on the basis of race; and the Civil Rights Act of 1866, as amended, and 42 U.S.C. § 1981 ("§ 1981") by and through § 1983 ("§ 1983") on the basis of race.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e *et seq.*

3.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII and § 1981.  The Plaintiff has filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 846-2009-28886.  [Attached hereto as Exhibit "A."] Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue from the EEOC, dated as having been mailed on June 1, 2009. [Attached hereto as Exhibit "B."]

4.      The Defendant is located within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

5.      Plaintiff, George R. Chapman ("Chapman" or "Plaintiff"), is an adult

2

African-American male resident of the state of Alabama. Plaintiff was an employee of Defendant at all times material herein within the meaning of Title VII.

6.    Defendant, the Walker County Sheriff's Department, ("Defendant"), is, upon information and belief, an Alabama corporation doing business within this judicial district and division. Defendant was the employer of Plaintiff within the meaning of the Title VII at all times material herein.

## STATEMENT OF FACTS

7.    On March 31, 2006, George R. Chapman, Jr. started working for the Walker County Sheriff's Department as a guard at the county jail.

8.    In October of 2008, Mr. Chapman asked the jail administrator, who was one of his supervisors, about the discriminatory treatment an African American kitchen worker was receiving.

9.    In response, the administrator asked, "Are you her lawyer, boss, or union president?"

10.    Mr. Chapman answered in the negative, to which the administrator responded, "Mind your own business."

11.    Two weeks later, after Mr. Chapman was attacked by a Caucasian prison inmate, he was fired in retaliation for his complaint about race

discrimination.

12.    In comparison, Caucasian prison guards have been engaged in physical altercations with prison inmates, and have not been terminated.

## COUNT ONE
## TITLE VII - DISPARATE TREATMENT - RACE

13.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

14.    In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of his race, black, in violation of **TITLE VII**. Black employees and white employees were not treated similarly.

15    Defendant condones and allows race-based discrimination. Said Defendant's actions were in violation of **TITLE VII**, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

16.    As a proximate consequence of the violation of **TITLE VII** by Defendant, Plaintiff has suffered and will continue to suffer damages to his professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

17.    Plaintiff has satisfied all administrative prerequisites to bringing this

claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the

following relief:

      a.     Placement in the position in which he would have worked

            absent the Defendant's discriminatory treatment;

      b.     Back pay;

      c.     Prejudgment interest;

      d.     Attorneys' fees;

      e.     Costs;

      f.     Compensatory damages for loss of wages, loss of benefits,

            including, but not limited to, retirement and pension benefits,

            mental anguish, embarrassment, emotional distress, both past

            and future;

      g.     Punitive damages to deter such conduct in the future;

      h.     Injunctive relief; and

      i.     Such other legal or equitable relief as may be appropriate to

            effectuate the purposes of **TITLE VII** or to which Plaintiff

            may be entitled.

## COUNT TWO
## TITLE VII - RETALIATION

18.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

19.    During his employment with Defendant, Plaintiff opposed unlawful employment practices, specifically by raising concerns about race discrimination.

20.    In response to, and as a direct result of, having engaged in statutorily protected activity, Plaintiff was retaliated against by Defendant, which adversely affected the terms and conditions of Plaintiff's employment.

21.    Defendant's retaliatory actions are in violation of **TITLE VII.**

22.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position in which he would have worked absent the Defendant's discriminatory treatment;

b.    Back pay;

c.    Injunctive relief;

d.    Pre-judgment interest;

e.    Attorneys' fees;

f.    Costs;

g.    Punitive damages to deter such future conduct;

h.    Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

i.    Such other legal or equitable relief to which Plaintiff may be entitled.

## COUNT THREE
## RACE DISCRIMINATION - § 1981, BY AND THROUGH § 1983

23.    Plaintiff adopts and realleges each and every allegation contained in this Complaint as if set out anew herein.

24.    In taking the above-described actions, Defendant intentionally and willfully discriminated against plaintiff due to his race, black, in violation of § 1981.

25.    Defendant's actions were in violation of § 1981, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

26.    As a proximate consequence of the violations of § 1981 by Defendant, Plaintiff has suffered and will continue to suffer damage to his professional life and future career opportunities, future pecuniary losses,

emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

27.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.    Placement in the position(s) in which he would have worked absent defendant's discriminatory treatment;

b.    All back pay and fringe benefits from the date of his non-promotions;

c.    Pre-judgment interest;

d.    Attorneys' fees;

e.    Costs;

f.    Punitive damages to deter such conduct in the future;

g.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

h.    Such other legal or equitable relief, including injunctive relief,

as may be appropriate to effectuate the purposes of § 1981 or to which he may be entitled.

## COUNT FOUR
## § 1981, BY AND THROUGH § 1983 - RETALIATION

28.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

29.    In taking the above-described actions, Defendant intentionally and wrongfully retaliated against Plaintiff for his complaints of discrimination in violation of §1981, and such retaliation was taken with malice or reckless indifference to the federally protected rights of Plaintiff.

30.    As a result of this retaliation, Plaintiff was caused to be injured and damaged; to have his career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

a.    Placement in the position(s) in which he would have worked absent Defendant's retaliatory treatment;

b.    All back pay from the date of his wrongful termination;

9

c.    Injunctive relief;

d.    Pre-judgment interest;

e.    Attorneys' fees;

f.    Costs;

g.    Punitive damages to deter such conduct in the future;

h.    Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, embarrassment, both past and future; and

i.    Such other legal or equitable relief as may be appropriate to effectuate the purposes of § 1981 or to which he may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

*George R. Chapman, Jr.*
George R. Chapman, Jr.
*Pro Se*

**PLAINTIFF'S ADDRESS:**

George R. Chapman, Jr.
505 30th Street West

Jasper Alabama 35501

10

Jasper, Alabama 35501

**PLEASE SERVE DEFENDANT BY
CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

Walker County Sheriff's Department
c/o John Tirey, Sheriff
2001 2nd Street
Jasper, Alabama 35501

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 846-2009-28886 |

and EEOC
_____
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. George R. Chapman, Jr.** | **(205) 221-3074** | **02-05-1974** |

| Street Address | City, State and ZIP Code |
|---|---|
| **505 30th Street W, Jasper, AL 35501** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WALKER COUNTY SHERIFFS DEPARTMENT** | **15-100** | **(205) 384-4874** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2001 2ND Street, Jasper, AL 35501** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED EEOC APR - 8 2009 BIRMINGHAM DISTRICT OFFICE

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest: **11-01-2008**   Latest: **11-01-2008** |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a Black male. I began my employment with the above named employer on March 31, 2006, as a part-time jailer. In September 2008, I became full time. In October 2008, I questioned the jail administrator about the discriminatory treatment a Black female kitchen worker was receiving. The jail administrator stated, "Are you her lawyer, boss or union president", I replied "no". He replied, "mind your business". Two weeks later after a physical altercation with an inmate, I was retaliated against and terminated. White jailers who have had altercations with inmates have not been discharge.

Sheriff, John Mark Tirey, stated the reason for my termination was unsatisfactory work performance during my probationary period.

I believe I have been discriminated against because of my race, Black, and in retaliation of complaining about discriminatory treatment, in violation of Title VII of the Civil Rights Act of 1964, as amended. It is not standard procedure to be terminated on a first time violation. During my three year tenure with the employer I have not received any disciplinary action.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>Apr 08, 2009  *George Chapman Jr.*<br>Date        Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

RECEIVED
AUG 1 7 2009
BY: _MMS_

To:  George R. Chapman, Jr.
505 30th Street W
Jasper, AL 35501

From:  Birmingham D
Ridge Park Pla
1130 22nd Stre
Birmingham, A..  .....

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2009-28886 | Angela B. Morrissette,<br>Investigator Support Asst | (205) 212-2091 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Delner Franklin-Thomas,**
**District Director**

*(Date Mailed)*
08-0.07

cc:  **John Tirey**
**Sheriff**
**WALKER COUNTY SHERIFFS DEPARTMENT**
**2001 2nd Street**
**Jasper, AL 35501**