FILED
 2010 May-21 PM 04:02
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

GEORGE R. CHAPMAN, JR.,        }
                                }
   Plaintiff,                   }
                                }
vs.                             }   CASE NO. 6:09-cv-1748-SLB
                                }
WALKER COUNTY SHERIFF'S         }
DEPARTMENT,                     }
                                }
   Defendant.                   }

## MEMORANDUM OPINION

This case is currently before the court on defendant Walker County Sheriff's Department's (the "Defendant") Motion to Dismiss. (Doc. 5.)[1] Plaintiff George R. Chapman, Jr. (The "Plaintiff") has filed suit against Defendant alleging wrongful termination on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. (Doc. 1 at ¶ 1.) For the reasons stated below, Defendant's Motion to Dismiss, (Doc. 5), is due to be granted.

## I. MOTION TO DISMISS STANDARD

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993) (citations omitted); *see also Rivell v. Private Healthcare Sys.,*

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

*Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

> The allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs. [*Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002).] However, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [545], 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]). This rule does not "impose a probability requirement at the pleading stage." *Twombly*, [550 U.S. at 556]. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, [550 U.S. at 556]).

*Rivell*, 520 F.3d at 1309.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998) (citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)).

## II. FACTUAL AND PROCEDURAL HISTORY

Briefly, the facts of the case, taken from Complaint, (Doc. 1), and assumed as true for purposes of a motion to dismiss, are as follows:

> 5. Plaintiff, George R. Chapman . . . is an adult African-American male resident of the state of Alabama. Plaintiff was an employee of Defendant at all times material herein within the meaning of Title VII.
>
> 6. Defendant, the Walker County Sheriff's Department . . . is, upon information and belief, an Alabama corporation doing business within this judicial district and division. Defendant was the employer of Plaintiff within the meaning of . . . Title VII at all times material herein.
>
> . . . .
>
> 7. On March 31, 2006, George R. Chapman, Jr. started working for the Walker County Sheriff's Department as a guard at the county jail.
>
> 8. In October of 2008, Mr. Chapman asked the jail administrator, who was one of his supervisors, about the discriminatory treatment an African American kitchen worker was receiving.
>
> 9. In response, the administrator asked, "Are you her lawyer, boss, or union president?"
>
> 10. Mr. Chapman answered in the negative, to which the administrator responded, "Mind your own business."
>
> 11. Two weeks later, after Mr. Chapman was attacked by a Caucasian prison inmate, he was fired in retaliation for his complaint about race discrimination.
>
> 12. In comparison, Caucasian prison guards have been engaged in physical altercations with prison inmates, and have not been terminated.

(Doc. 1 at ¶¶ 7-12.)

Plaintiff filed his Complaint against Defendant on August 31, 2009. (*Id.* at 1.) In response, on May 17, 2010, Defendant filed its Motion to Dismiss. (Doc. 5.) With the Motion, Defendant filed an accompanying Memorandum Brief in Support of Motion to Dismiss. (Doc. 6.)

### III.  DISCUSSION

In its Motion to Dismiss, Defendant asserts that "Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted," arguing that "[t]he Walker County Sheriff's Department is not a legal entity," and for that reason "it is not a proper Defendant in this proceeding."  (Doc. 5 at 1.)  The court agrees.

In Alabama, municipal corporations may sue and be sued.  Ala. Code § 11-40-1.  Certain Boards or Authorities within the municipality may incorporate and become legal entities, separate from the municipal corporation, and may also sue and be sued.  *See*, *e.g.*, Ala. Code § 11-47-218 (public park authority); Ala. Code § 11-49A-8 (transit authority); Ala. Code § 11-50-314 (water, sewer, gas, and electric boards).  However, municipal police departments are not considered such separate legal entities capable of being sued.  *See Carter v. City Police for Dothan*, No. 1:09-cv-813-ID, 2009 WL 3156967, *1 (M.D. Ala. Sept. 28, 2009) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).

Defendants' Motion to Dismiss the Walker County Sheriff's Department is due to be granted and all claims against it will be dismissed.  That said, the court will allow Plaintiff to file an Amended Complaint, substituting the City of Jasper, Alabama, for the Walker County Sheriff's Department.

### CONCLUSION

For the foregoing reasons, the court is of the opinion that Defendant's Motion to

Dismiss, (Doc. 5), is due to be granted. All claims against the Walker County Sheriff's Department are due to be dismissed; however, Plaintiff may refile his claims against the City of Jasper, Alabama. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

The Clerk of the Court is **DIRECTED** to provide a copy of this Memorandum Opinion to Plaintiff at the following address:

> George R. Chapman, Jr.
> 505 30th Street West
> Jasper, Alabama 35501

**DONE** this 21st day of May, 2010.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE